IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MCINTOSH and | ) | |
| JAMES MCINTOSH , | ) | CIVIL ACTION NO. 3:13-103 |
| | ) | |
| Plaintiffs, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| BRAD CRIST, GARY PAUL | ) | |
| EISENHUTH, WILLIAM SLISZ, | ) | |
| DOUG KOMAR, SCOTT HAYMAKER, | ) | |
| OFFICER STAFO/SAFKO, OFFICER | ) | |
| BEBLAR, THE CITY OF JOHNSTOWN, | ) | |
| THE MUNICIPALITY OF YODER/WEST | ) | |
| HILLS, THE BOROUGH OF DALE and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF COURT

### I.    Synopsis

This civil rights case stems from the arrests and prosecutions of Plaintiffs Brian

and James McIntosh.  Pending before the Court are Defendants' motions to dismiss (ECF

Nos. 37, 39, and 41) Plaintiffs' amended complaint (ECF No. 33) pursuant to Rule 12(b)(6).

The amended complaint asserts a number of federal constitutional claims under 42 U.S.C.

§ 1983 along with several tort claims under Pennsylvania common law.  For the reasons

explained below, Defendants' motions will be granted in part and denied in part.

Specifically, Defendants' motions to dismiss as to the excessive use of force claim, the

common law assault and battery claim, and the common law intentional infliction of

emotional distress claim will be denied.  Defendants' motions to dismiss as to all other

claims in the amended complaint, including all claims against the Municipal Defendants, will be granted, with prejudice.

## II.    Jurisdiction and Venue

The Court has jurisdiction over the federal constitutional claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  The Court has supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. § 1391(b).

## III.    Background

### A.    Allegations in the Amended Complaint

Plaintiffs allege the following facts in their amended complaint, which the Court will accept as true for the sole purpose of deciding the pending Rule 12(b)(6) motions.  On May 14, 2011, Plaintiffs Brian and James McIntosh were attending a picnic at 105 Dupont Street in Johnstown, Pennsylvania.  (Am. Compl., ECF No. 33 ¶ 17).  Sometime between 8:00 and 8:30 p.m., police officers came to the Dupont Street address after responding to a report concerning a fight that occurred somewhere on Dupont Street.  (Id. ¶¶ 18, 21, 25). The police officers then physically assaulted and arrested Plaintiffs, in the manner described below, and charged them with various criminal offenses.  (Id. ¶ 23).

*Arrest of Brian McIntosh*

Upon arriving at the Dupont Street address, police officers approached Plaintiff Brian McIntosh, who told the officers that they were on private property and were trespassing.  The officers then physically assaulted Brian while placing him under arrest.

2

(*Id.* ¶ 39).  During the confrontation, police officers tasered Brian at least three times before he was handcuffed and multiple times after he was handcuffed.  (*Id.* ¶¶ 37, 38).  While Brian was handcuffed and lying on the ground, he had liquid "drizzling out of his mouth."  (*Id.* ¶ 39).  A nurse stated that he needed to be in a hospital, and Officer Crist responded, "Fuck him let the scumbag die."  (*Id.*).  Brian was later taken to a hospital, where Officer Crist continued to harass him.  (*Id.* ¶ 40).

Brian was charged with endangering the welfare of children, aggravated assault, riot with intent to prevent or coerce official act, corruption of minors, resisting arrest, and disorderly conduct.  (*Id.* ¶ 41).  Brian pled guilty to the resisting arrest charge, and the other charges were dismissed or withdrawn.  (*Id.* ¶ 43).

### Arrest of James McIntosh

James was preparing to leave the picnic when he heard someone say "I am going to shoot the fucking dog," at which time he looked up and saw a police officer.  (*Id.* ¶¶ 25, 26).  James then observed police officers handcuffing his brother, Brian.  (*Id.* ¶ 27).  Officer Brad Crist directed James to "stay back."  (*Id.*).  James put his arms up and stepped backwards.  (*Id.*).  Officer Crist then ran at James and knocked him to the ground.  (*Id.*).  Officer Crist and Officer William Slisz knelt on James's back and punched him until he was handcuffed.  (*Id.* ¶¶ 28-30).

After James was handcuffed, a police officer tasered him.  (*Id.* ¶ 31).  Officers Eisenhuth and Slisz then stood James up, after which Detective Scott Haymaker tasered James twice.  (*Id.* ¶ 32).  Officers transported James to the Johnstown Police Department

and charged him with various crimes. (*Id.* ¶ 33). While James was being questioned at the police station, Officer Stafko slapped James across the back of the head. (*Id.* ¶ 34).

James was charged with aggravated assault, resisting arrest, selling or furnishing liquor to minors, and simple assault. (*Id.* ¶ 33). James entered the Pennsylvania ARD Program for the resisting arrest charge, and the other charges were dismissed or withdrawn. (*Id.* ¶ 42).

After arresting the Plaintiffs, police officers entered a house at "105 Dunlop Street"[1] while searching for another individual and "committed substantial destruction of property to the house and its contents." (*Id.* ¶¶ 47, 48). Before leaving the scene, one of the officers said, "clean up all of the tasers and probes, we don't want to leave any evidence," after which police officers removed all of the evidence. (*Id.* ¶¶ 50-51).

**B.    Procedural History**

Plaintiffs initiated this action by filing a complaint on May 14, 2013, which Defendants then moved to dismiss. (*See* ECF Nos. 1, 11, 14). This Court dismissed the original complaint, finding that Plaintiffs had failed to provide the Defendants and the Court with a clear explanation of the claims asserted or the facts supporting those claims in compliance with the federal pleading standards. (*See* ECF No. 32). Thereafter, Plaintiffs filed an amended complaint (ECF No. 33) alleging that Defendants violated their

---

[1] Plaintiffs allege that the police searched a home at "105 Dunlop Street," which is different from the address where the Plaintiffs allege they were arrested while attending the picnic—"105 Dupont Street." (Compare ECF No. 33 ¶¶ 47-48 with ¶ 17). Although the discrepancy appears to be a typographical error, it is not clear whether the Plaintiffs intended to allege two different locations, or which location is the proper street address for the events alleged in the amended complaint. However, this discrepancy does not impact the issues presently before the Court.

constitutional rights under the First, Fourth, and Fourteenth amendments, and that Defendants engaged in tortious conduct in violation of Pennsylvania common law. Defendants then filed the pending motions to dismiss (ECF Nos. 37, 39, 41) pursuant to Rule 12(b)(6), along with briefs in support (ECF Nos. 38, 40, 42). Plaintiffs have not filed any response to any of the three Rule 12(b)(6) motions. The motions are now ripe for disposition.

## IV. Standard of Review

Defendants move to dismiss Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that a plaintiff has a "plausible claim for relief." *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. Cnty. of Allegheny*,

515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

## V.    Discussion

### A.    Pleading Deficiencies in the Amended Complaint

Defendants first argue that Plaintiffs' amended complaint fails to correct the pleading deficiencies of the original complaint.  (*See* ECF No. 38 at 1-3).  The Court dismissed the original complaint because Plaintiffs failed to comply with the applicable rules of civil procedure[2] and rules of court.  However, Plaintiffs were granted leave to amend the complaint and correct its deficiencies.  Specifically, the Court instructed Plaintiffs to state their claims in separately numbered paragraphs and identify which claims were asserted against each Defendant.  (ECF No. 32 at 3).  Defendants contend that the amended complaint fails to address those deficiencies, and should thus be dismissed for that reason.

Having carefully reviewed the amended complaint, the Court agrees that Plaintiffs have again confusingly asserted their claims in a manner that makes it difficult for the Court and the Defendants to clearly understand the claims asserted and the facts supporting those claims.  Nevertheless, while Plaintiffs' amended complaint is poorly

---

[2] Specifically, the original complaint failed to comply with the pleading standards of Rules 8(a)(2), 8(d)(1), and 10(b) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each allegation in a complaint be "simple, concise, and direct."  Similarly, Rule 10(b) requires the plaintiff to state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  The purpose of these pleading rules is to "prevent complaints that are ambiguous or vague enough to impede the defendant's ability to form a responsive pleading" and to "create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief." *Young v. Centerville Clinic, Inc.*, No. 09-cv-325, 2009 WL 2448003, at * 2 (W.D. Pa. Aug. 10, 2009); *see also De Leys v. Keta Gas & Oil Co.*, 18 F.R.D. 353, 354 (W.D. Pa. 1955) ("if more than one claim is alleged in the complaint, a separation of the claims is required where it will facilitate a clear presentation of the matters set forth"); *Wahl v. Wecht*, No. 10-cv-0010, 2010 WL 3811522 (W.D. Pa. Sept. 21, 2010) (dismissing complaint where plaintiff failed to comply with Rule 10).

drafted, the revised structure of the amended complaint, along with the additional allegations, are at least minimally sufficient to permit the Court to evaluate the asserted claims in the amended complaint under the Rule 12(b)(6) standard.

Paragraph 54 of the amended complaint asserts the following constitutional claims pursuant to 42 U.S.C. § 1983 against all of the Defendants:

> The Defendants' conduct as hereinbefore described violated the Plaintiffs' constitutional rights under the first, fourth and fourteenth amendments to the United Constitution [sic].

(ECF No. 33 ¶ 54). Paragraph 55 of the amended complaint asserts the following tort claims against all of the Defendants:

> The Defendants' conduct as hereinbefore described constituted the intentional infliction of emotional distress, false arrest, assault and battery, and delay or denial of necessary medical care and treatment.

(*Id.* ¶ 55). Paragraph 56 of the amended complaint asserts claims against the municipal Defendants:

> [T]he Plaintiffs' injuries as described hereinabove were the direct and proximate result of the City of Johnstown, Dale Borough and the Municipality of Upper Yoder/West Hills custom and/or police [sic] of deliberate indifference as reflected by their failure to adequately train, supervise and/or discipline its police officers.

(*Id.* ¶ 56). Paragraph 59 avers that Plaintiffs' "fourth amendment rights to be free from unreasonable searches and seizures and excessive force were violated." (*Id.* ¶ 59). The amended complaint then alleges facts concerning the actions of each specific Defendant, asserting that each Defendant "violated the civil rights of the Plaintiffs as well as the common law claims of filing of false charges, assault and battery, concealing and destroying evidence and property." (*Id.* ¶¶ 61, 65, 70, 75, 79, 84, 89).

The Court construes the amended complaint as asserting the following federal constitutional claims against all of the Defendant Officers under 42 U.S.C. § 1983: false arrest; malicious prosecution; unreasonable search and seizure; substantive due process; delay or denial of necessary medical attention; and use of excessive force. Further, the amended complaint asserts a First Amendment retaliation claim against Defendant Officer Brad Crist. The amended complaint also asserts a municipal liability claim against the three Defendant municipalities. Finally, the Court construes the amended complaint as alleging the following Pennsylvania common law tort claims against all of the Defendant Officers: false arrest, malicious prosecution, assault and battery, concealing and destroying evidence and property, and intentional infliction of emotional distress. The Court will separately evaluate each of Plaintiffs' claims according to the applicable legal standard under Rule 12(b)(6) as set forth above. While the Plaintiffs have organized the various counts in the amended complaint according to each named Defendant, the Court finds it more effective to address the claims according to causes of action, as addressed by the Defendants in their respective motions to dismiss.

B.    **Federal Constitutional Claims under 42 U.S.C. § 1983**

The amended complaint alleges that the Defendant Officers violated Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments and asserts several claims pursuant to 42 U.S.C. § 1983. (*See* ECF No. 33 ¶ 54). To state a claim for relief under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person

acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court will

separately evaluate each constitutional claim asserted against the Defendant Officers.

1.        **False Arrest**

Plaintiffs assert a claim for false arrest against each of the Defendant Officers.  To

state a claim for false arrest under the Fourth Amendment, a plaintiff must allege (1) that

there was an arrest, and (2) that the arrest was made without probable cause.  *James v. City

of Wilkes-Barre*, 700 F. 3d 675, 680 (3d Cir. 2012); *Groman v. Twp. of Manalapan*, 47 F. 3d 628,

634 (3d Cir. 1995).  If probable cause to arrest is established on any one of the offenses for

which an accused is arrested, a false arrest claim under § 1983 will fail.  *Johnson v. Knorr*,

477 F. 3d 75, 82 (3d Cir. 2007) (citing *Wright v. City of Philadelphia*, 409 F.3d 595, 603-04 (3d

Cir. 2005)); *see also Posey v. Swissvale Borough*, No. 2:12-cv-955, 2013 WL 989953, at *10

(W.D. Pa. Mar. 13, 2013).  Further, probable cause is conclusively established where an

accused enters a guilty plea or where an accused enters into Pennsylvania's Accelerated

Rehabilitative Disposition ("ADR") program.  *See Ross v. Donkocik*, 60 F. App'x 409, 410

n.1 (3d Cir. 2003) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994)); *Boldrini v. Wilson*,

No. 3:11-cv-1771, 2012 WL 6721100 (M.D. Pa. 2012) (holding an accused's entrance into the

ARD program barred his § 1983 claims); *see also Gilles v. Davis*, 427 F. 3d 197, 209 (3d Cir.

2005).

Here, the amended complaint alleges that Brian McIntosh pled guilty to one count

of resisting arrest (ECF No. 33 ¶ 43) and that James McIntosh entered the ARD program

on one count of resisting arrest (*id.* ¶ 42), both as a result of the charges arising from the

altercation with the police. In light of these allegations, Plaintiffs cannot demonstrate that their arrests were made without probable cause. *See Ross*, 60 F. App'x at 410 n.1; *Boldrini*, 2012 WL 6721100, at *4-5. Therefore, Plaintiffs have failed to state a claim for false arrest in violation of the Fourth Amendment. *See Nelson v. Jashurek*, 109 F. 3d 142, 145 (3d Cir. 1997) (noting that, under *Heck v. Humphrey*, "a civil suit for an unreasonable seizure predicated on a false arrest would be barred so long as a conviction for resisting the same arrest remained unimpaired").

Accordingly, the Court will grant Defendants' motion to dismiss Plaintiffs' Fourth Amendment false arrest claim. Further, Plaintiffs' false arrest claim will be dismissed with prejudice because Plaintiffs cannot, as a matter of law, demonstrate that their arrests were made without probable cause.

### 2. Malicious Prosecution

Plaintiffs appear to assert a claim for malicious prosecution against each of the Defendant police officers. To state a claim for malicious prosecution under § 1983, a plaintiff must allege facts showing: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of a seizure as a consequence of a legal proceeding. *Kossler v. Crisanti*, 564 F. 3d 181, 186-87 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F. 3d 497, 521 (3d Cir. 2003)). "[A] prior criminal case must have been disposed of in a way that

indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler*, 564 F.3d at 187 (citing *Donahue v. Gavin*, 280 F. 3d 371, 383 (3d Cir. 2002) and *Gilles v. Davis*, 427 F. 3d 197, 211 (3d Cir. 2005)).

Here, Plaintiffs' amended complaint fails to state a plausible claim for relief for malicious prosecution under § 1983. First, as a matter of law, Plaintiffs cannot show that the criminal proceedings against them ended in their favor or that the officers lacked probable cause. As alleged in the amended complaint, Brian entered a guilty plea and James entered the ARD program on charges arising from the altercation with the police officers. Thus, according to Plaintiffs' own allegations in the amended complaint, Plaintiffs' criminal proceedings did not end favorably for the Plaintiffs. *See Gilles*, 427 F. 3d at 211-121.

Likewise, as discussed above, Plaintiffs cannot show that the criminal charges against them lacked probable cause. Probable cause is an absolute defense against a claim for malicious prosecution. *See Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 63 (1993). Here, probable cause is established on the basis that Brian entered a guilty plea and James entered the ARD program, arising from the charges against them. *See Kossler*, 564 F. 3d at 193-94 ("[T]he existence of probable cause for the arrest— stemming from the existence of probable cause for at least one charge—precluded the plaintiff from proceeding with her malicious prosecution claim with respect to any of the charges brought against her.").

Third, Plaintiffs have failed to sufficiently allege facts showing that Defendants acted maliciously. The Third Circuit has defined malice as "ill will in the sense of spite . . .

or its use for an extraneous improper purpose." *Lippay v. Christos*, 996 F. 2d 1490, 1502 (3d Cir. 1993). The malice requirement cannot be satisfied with conclusory allegations of malice. *Felker v. Christine*, 796 F. Supp. 135, 142 (M.D. Pa. 1992). Further, a failure to show a lack of probable cause "also precludes a finding of malice." *Chizmar v. Borough of Trafford*, 454 F. App'x 100, 106 (3d Cir. 2011). Here, as explained above, Plaintiffs cannot show that Defendants lacked probable cause. Therefore, Plaintiffs cannot show malice.

Finally, Plaintiffs have not alleged a deprivation of liberty. A plaintiff bringing a claim for malicious prosecution under 42 U.S.C. § 1983 must allege a deprivation of liberty. *Kossler*, 564 F. 3d at 186. Specifically, a plaintiff must show "deprivation of liberty consistent with the concept of seizure" as a consequence of a legal proceeding. *Gallo v. City of Philadelphia*, 161 F. 3d 217, 222 (3d Cir. 1998). "The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." *DiBella v. Borough of Beachwood*, 407 F. 3d 599, 603 (3d Cir. 2005). Generally, arrest alone is not enough to constitute a seizure. *See Basile v. Township of Smith*, 752 F. Supp. 2d 643, 660 (W.D. Pa. 2010). The test for determining whether there was a deprivation of liberty in a malicious prosecution case is, "[w]hen the state places constitutionally significant restrictions on a person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding, that person has been seized within the meaning of the Fourth Amendment." *Schneyder v. Smith*, 653 F. 3d 313, 321-22 (3d Cir. 2011). Here, Plaintiffs have failed to allege a deprivation of liberty. Plaintiffs' arrest alone is not enough to constitute a seizure for a malicious prosecution claim. *See Basile*, 752 F. Supp. 2d at 660. Thus, construing the allegations in a light most

favorable to Plaintiffs, the amended complaint does not contain sufficient facts to plausibly establish that Plaintiffs suffered a deprivation of liberty.

Therefore, the Court will dismiss the malicious prosecution claim with prejudice, because Plaintiffs cannot, as a matter of law, demonstrate that they were prosecuted without probable cause or that the criminal proceedings terminated in their favor.

### 3. Unreasonable Search and Seizure of Property

Plaintiffs allege that Defendants conducted an unconstitutional search of a home and seizure of property at "105 Dunlop Street"[3] without probable cause and without a warrant. (Am. Compl., ECF No. 33 ¶¶ 47, 48). "The Fourth Amendment protects against unreasonable searches and seizures, and a warrant supported by probable cause is typically required to search a home." *Willard v. Pennsylvania Soc. for the Prevention of Cruelty to Animals*, 525 F. App'x 217, 220 (3d Cir. 2013) (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). "Illegal searches and seizures by municipal police officers are constitutional violations actionable under § 1983. Subject to a few well-defined exceptions, a warrantless search of a home is *per se* unreasonable and thus unconstitutional even if undertaken with probable cause." *Sanders v. Hauck*, No. 91-cv-6704, 1992 WL 245898, at *1 (E.D. Pa. Sept. 16, 1992) (citing *Monroe v. Pape*, 365 U.S. 167, 187 (1961); *Segura v. United States*, 468 U.S. 796, 810 (1984); *Katz v. United States*, 389 U.S. 347, 357 (1967)).

---

[3] As noted above (*see* footnote 1), the amended complaint refers to two different addresses, which appears to be a typographical error. Regardless of which address is the appropriate address, Plaintiffs have failed to plausibly allege an unreasonable search and seizure claim as to either of the addresses.

In the amended complaint, Plaintiffs allege that the Defendant Officers searched a home at "105 Dunlop Street" without probable cause and without a warrant, and "committed substantial destruction of property to the house and its contents." (Am. Compl., ECF No. 33 ¶¶ 47, 48). However, Plaintiffs have not alleged that they were the owners of the home or its contents. Indeed, the amended complaint avers only that they "were attending a family picnic at 105 Dupont Street," and that James was "preparing to leave the party" when the police arrived. (*Id.* ¶ 17, 25).

Further, the amended complaint fails to allege any facts regarding what was searched, what items of property were seized or damaged, or the nature and extent of the damage. To the contrary, Plaintiffs simply allege that "the police entered the home" and, while searching for another individual, "committed substantial destruction of property." (ECF No. 33 ¶ 47, 48). Accordingly, "[t]he allegations are too vague to support a conclusion that the officers acted unreasonably." *Badillo v. Stopko*, 519 F. App'x 100, 107 (3d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, the Court will dismiss Plaintiffs' unreasonable search and seizure claim.

### 4. Substantive Due Process Claim

Plaintiffs allege that Defendants violated their constitutional rights under the Fourteenth Amendment, and thus appear to assert a substantive due process claim. (Am. Compl., ECF No. 33 ¶ 54). Generally, whenever "an explicit textual source of constitutional protection" addresses a particular governmental behavior, that constitutional provision should govern the analysis of the claim, and "not the more

generalized notion of 'substantive due process.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Chavez v. Martinez*, 538 U.S. 760, 773 n.5 (2003). Here, Plaintiffs have asserted claims under the Fourth Amendment for excessive force and false arrest, among others, and under the First Amendment for retaliation against protected speech. Plaintiffs have failed to allege any grounds for a substantive due process claim. As such, Plaintiffs' claim is not cognizable and must be dismissed. *See Albright v. Oliver*, 510 U.S. 266, 275 (1994); *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). Therefore, the Court will dismiss Plaintiffs' substantive due process claim with prejudice.

### 5. Delay or Denial of Necessary Medical Attention

"Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs." *Groman v. Township of Manalapan*, 47 F. 3d 628, 636-37 (3d Cir. 1995) (citing *Walmsley v. City of Phila.*, 872 F. 2d 546, 551-52 (3d Cir. 1989)). Inadequate medical care claims under § 1983 asserted by pre-trial detainees are based on the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F. 3d 150, 158 (3d Cir. 2005). However, such claims are analyzed under the standard used to evaluate similar claims for denial of medical care brought under the Eighth Amendment. *See Natale v. Camden County Correctional Facility*, 318 F. 3d 575, 581-82 (3d Cir. 2003).

Thus, to state a claim for denial of medical care, a plaintiff must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This showing involves two prongs:  (1) deliberate indifference on the part of the government officials; and (2) the plaintiff's medical needs are serious.  *See Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F. 2d 326, 346 (3d Cir. 1987).  "Deliberate indifference is more than an 'inadvertent failure to provide adequate medical care' . . . [and] is more than mere negligence or medical malpractice without some more culpable state of mind. . . .  Instead, it requires 'obduracy and wantonness . . . [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk.'"  *DeFranco v. Wolfe*, 387 F. App'x 147, 158 (3d Cir. 2010) (quoting *Estelle*, 429 U.S. at 105, and *Rouse v. Plantier*, 182 F. 3d 192, 197 (3d Cir. 1999)).

Here, the amended complaint alleges that Plaintiff Brian McIntosh had liquid "drizzling out of his mouth" after he was tasered, that a nurse said he should be taken to a hospital, and that Officer Crist said "Fuck him let the scumbag die."  (Am. Compl., ECF No. 33 ¶ 39).  The complaint then alleges that Brian was taken to a hospital where he was treated.  (*Id.* ¶ 40).  Plaintiffs have not alleged any facts to show how they were denied necessary medical attention, beyond simply quoting Officer Crist's inflammatory statement, and have thus failed to satisfy either prong of the test above.  To the contrary, Plaintiffs aver that, after the altercation, Brian was taken to a hospital and treated.

Thus, construing the facts in a light most favorable to Plaintiffs, the amended complaint, for a second time, fails to properly allege a Fourteenth Amendment denial of medical care claim because Plaintiffs have not alleged facts that Defendants acted with deliberate indifference to a serious medical need.  *See Shiloh v. Does*, No. 4:12-cv-1086, 2013

WL 5297511, at *16 (M.D. Pa. Apr. 19, 2013). Accordingly, the Court will dismiss

Plaintiffs' claim for delay or denial of necessary medical attention with prejudice.

### 6. Use of Excessive Force

The amended complaint asserts an excessive use of force claim under the Fourth

Amendment against each of the Defendant Officers. To state a claim for excessive use of

force, a plaintiff must allege (1) that a seizure occurred using force, and (2) that the use of

force was objectively unreasonable. *Kopec v. Tate*, 361 F. 3d 772, 776 (3d Cir. 2004). Such

claims turn on the "reasonableness" of force used by the officers to effect the arrest. *Id.*

Additionally, a defendant must have "personal involvement in the alleged wrongs,"

*Sutton v. Rasheed*, 323 F. 3d 236, 249 (3d Cir. 2003), for "liability cannot be predicated solely

on the operation of respondeat superior." *Rodriguez v. Town of West New York*, 191 F.

App'x 166, 168 (3d Cir. 2006). However, a plaintiff need not prove "direct use of excessive

force . . . to impose liability under § 1983." *Garbacik v. Janson*, 111 F. App'x 91, 94 (3d Cir.

2004). Instead, a supervising officer may be liable if he "had knowledge of and

acquiesced" to the constitutional violation. *Baker v. Monroe Twp.*, 50 F. 3d 1186, 1190-91

(3d Cir. 1995). Thus, to establish liability, a plaintiff must prove that the supervising

officer had "contemporaneous knowledge of the offending incident" and that his inaction

"could be found to have communicated a message of approval." *Stoneking v. Bradford*

*Area Sch. Dist.*, 882 F. 2d 720, 732 (3d Cir. 1989).

The amended complaint alleges that the Defendant Officers used excessive force in

arresting Plaintiffs, tasering them numerous times even after they were handcuffed, and

repeatedly punching and beating them even after they were handcuffed and lying on the ground. These allegations are sufficient to state a plausible claim for excessive use of force against each of the Defendant Officers. Therefore, the motion to dismiss Plaintiffs' excessive use of force claim against the Defendant Officers will be denied.

### 7.   First Amendment Retaliation Claim

Plaintiffs have asserted a First Amendment retaliation claim against Defendant Brad Crist. (*See* Am. Compl., ECF No. 33 ¶ 61(k) ("Defendant improperly used his police authority and powers to retaliate against Plaintiffs on account of protected first amendment speech.")). To state a claim for First Amendment retaliation under § 1983, a plaintiff must allege facts showing: (1) the plaintiff engaged in speech protected by the First Amendment; (2) the government responded with retaliatory action; and (3) there is a causal link between the retaliation and the protected speech. *Ashton v. City of Uniontown*, 459 F. App'x 185, 187-88 (3d Cir. 2012). However, a plaintiff's right to maintain a First Amendment retaliation claim is not absolute. *Id.* Instead, "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F. 3d 197, 208-09 (3d Cir. 2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

Here, the amended complaint appears to assert a First Amendment retaliation claim against Officer Crist based on Plaintiffs' statement to the police "that they had no right to be on the property, that it was private property and they were trespassing." (ECF

No. 33 ¶ 21).  Plaintiffs have not alleged how this statement, or any other statements made during the altercation, were protected speech under the First Amendment.  Regardless, Plaintiffs' retaliation claim fails under *Heck* and *Gilles* because Brian McIntosh pled guilty to resisting arrest and James McIntosh entered ARD on the resisting arrest charge, and both charges arose from the incident involving the police officers.  Permitting Plaintiffs to proceed with their First Amendment retaliation claim would impugn the validity of their underlying convictions.  *See Ashton*, 459 F. App'x at 188-89; *Gleason v. E. Norriton Twp.*, No. 11-cv-6273, 2012 WL 3024011, at * 2 (E.D. Pa. July 24, 2012).  Therefore, the Court will dismiss Plaintiffs' First Amendment retaliation claim with prejudice.

### C.    Municipal Liability Claims

The amended complaint asserts a municipal liability claim against the City of Johnstown (Am. Compl., ECF No. 33 ¶¶ 98-102), the Municipality of Yoder/West Hills (*Id.* ¶¶ 103-107), and the Borough of Dale (*Id.* ¶¶ 108-112).  Regarding all three municipalities, Plaintiffs allege that the actions of the individual officers "reflect a pervasive, custom, practice and/or policy" of each municipality, and that each municipality "failed to adequately train, supervise and/or discipline its police officers."  (*Id.* ¶¶ 100-01, 105-06, 110-11).

A municipality cannot be held liable for the conduct of its employees on a theory of respondeat superior.  *See Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978); *Montgomery v. De Simone*, 159 F. 3d 120, 126 (3d Cir. 1998).  However, a municipality may be liable when a constitutional deprivation results from an official custom or policy.

*Monell*, 436 U.S. at 690; *Berg v. County of Allegheny*, 219 F. 3d 261, 277 (3d Cir. 2000); *Beck v. City of Pittsburgh*, 89 F. 3d 966, 971 (3d Cir. 1996). A § 1983 cause of action arises under *Monell* when the "execution of a government's policy or custom . . . inflicts the injury [for which] the government as an entity is responsible under § 1983." *Id.* at 694. To state a claim for relief, a plaintiff must: (1) identify a policy or custom; (2) attribute the policy to a municipal defendant; and (3) demonstrate a causal connection between the policy and the constitutional violation. *Kaminsky v. Mydatt Services, Inc.*, No. 2:12-cv-363, 2012 WL 2089735, at *3 (W.D. Pa. June 8, 2012); *see also Berg v. County of Allegheny*, 219 F. 3d 261, 277 (3d Cir. 2000).

"[A] municipality's failure to train police officers only gives rise to a constitutional violation when that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Montgomery v. De Simone*, 159 F. 3d 120, 126-27 (3d Cir. 1998); *Carter v. City of Philadelphia*, 181 F. 3d 339, 357 (3d Cir. 1999). A failure to train can form the basis for § 1983 municipal liability only if "the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Id.* (citing *Bonenberger v. Plymouth Township*, 132 F. 3d 20, 25 (3d Cir. 1997)).

"A municipality exhibits deliberate indifference where the need for more or different training or supervision is obvious, and the inadequacy is very likely to result in violations of constitutional rights." *Morais v. City of Philadelphia*, No. 06-cv-582, 2007 WL 853811, at *8 (E.D. Pa. Mar. 19, 2007). Thus, a plaintiff must allege facts sufficient to show

"failure to provide specific training that has a causal nexus with their injuries" and the absence of such specific training reasonably reflects "deliberate indifference" by the municipality. *Reitz v. County of Bucks*, 125 F. 3d 139, 145 (3d Cir. 1997); *Colburn v. Upper Darby Twp.*, 946 F. 2d 1017, 1030 (3d Cir. 1991).

In the instant case, Plaintiffs have not alleged any facts to plausibly establish a municipal liability claim against any of the three Defendant Municipalities. Importantly, Plaintiffs have not identified any specific unconstitutional custom or policy. Likewise, the complaint does not allege any facts to support the assertion that the Defendant Municipalities failed to properly train, supervise, or discipline the officers. Simply stated, Plaintiffs have not alleged anything more than mere "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action" with respect to the *Monell* claim against the Defendant Municipalities. *Iqbal*, 556 U.S. at 678. Therefore, the Court will dismiss the municipal liability claims.

### D. Pennsylvania Common Law Claims

Plaintiffs appear to assert several Pennsylvania common law tort claims against the Defendant Officers. The Court will separately evaluate each claim.

#### 1. False Arrest

To state a claim for false arrest under Pennsylvania law, a plaintiff must show that an arrest was made without probable cause or was made by a person without privilege to make the arrest. *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 662 (W.D. Pa. 2010); *Renk v. City of Pittsburgh*, 641 A.2d 289, 295 n.2 (Pa. 1994). Probable cause to arrest is

"conclusively established" where a charged defendant enters a guilty plea or enters the ARD program. *McGriff v. Vidovich*, 699 A. 2d 797, 800 (Pa. Commw. Ct. 1997).

Here, the amended complaint alleges that Brian McIntosh pled guilty to one count of resisting arrest (Am. Compl., ECF No. 33 ¶ 43) and that James McIntosh entered the ARD program with respect to one count of resisting arrest (*id.* ¶ 42). Thus, as with the federal false arrest claims, probable cause is conclusively established for both arrests and Plaintiffs cannot, as a matter of law, maintain a common law claim for false arrest. *See Turosik v. Hougue*, No. 08-cv-1248, 2011 WL 1044648, at *6 (W.D. Pa. Mar. 18, 2011) (discussing Pennsylvania state court cases). Accordingly, the Court will grant Defendants' motion to dismiss Plaintiffs' false arrest claim under Pennsylvania common law with prejudice.

### 2.     Malicious Prosecution

Plaintiffs' common law malicious prosecution claim fails for the same reason. To state a claim for malicious prosecution under Pennsylvania law, a plaintiff must show that the defendant: "(1) instituted criminal proceedings against the plaintiff (2) without probable cause (3) with malice and (4) that the proceedings terminated in favor of the plaintiff." *Kelly v. General Teamsters*, 544 A. 2d 940, 941 (Pa. 1988).

As discussed above, Brian's guilty plea and James's entrance into the ARD program both establish probable cause and further demonstrate that the criminal proceedings did not terminate in their favor. *Alianell v. Hoffman*, 176 A. 207, 208 (Pa. 1935); *Junod v. Bader*, 458 A. 2d 251, 254 (Pa. Super. Ct. 1983). For, "if probable cause is

present as to any one count, a defendant charged on multiple counts cannot state a [Pennsylvania common law] claim for malicious prosecution." *Posey v. Swissvale Borough*, No. 2:12-cv-955, 2013 WL 989953, at *10, 18 (W.D. Pa. Mar. 13, 2013); *see also Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 665 (W.D. Pa. 2010); *Turosik v. Hougue*, No. 08-cv-1248, 2011 WL 1044648, at *7 n.3 (W.D. Pa. Mar. 18, 2011). Additionally, as explained in the section concerning Plaintiffs' federal malicious prosecution claim, Plaintiffs cannot meet the element requiring that the proceedings terminated in favor of the Plaintiffs. Therefore, the Court will grant Defendants' motion to dismiss Plaintiffs' common law malicious prosecution claim with prejudice.

### 3. Assault and Battery

To state a claim for assault and battery under Pennsylvania law, a plaintiff must allege that, for assault, the defendant intentionally attempted by force to injure the plaintiff, and that, for battery, the "violence menaced in an assault is actually done" upon the plaintiff. *Renk v. City of Pittsburgh*, 641 A. 2d 289, 293 (Pa. 1994) (citing *Cohen v. Lit Brothers*, 70 A. 2d 419, 421 (Pa. 1950)). An arresting officer may use an amount of reasonable force necessary under the circumstances to effectuate the arrest. *Id.* The reasonableness of the force used determines whether the officer's conduct constitutes an assault and battery. *Id.*

The amended complaint alleges that both Plaintiffs were assaulted and arrested by the police officers. Plaintiffs were "repeatedly tasered by the Defendant police officers both before and after they were placed in handcuffs." (Am. Compl., ECF No. 30 ¶ 24).

According to the amended complaint, Officers Crist and Slisz punched James while he was lying on the ground and continued punching him until they had placed two handcuffs on him; Detective Scott Haymaker tasered James twice while he was "in custody and handcuffed and was not resisting in any way;" and, while questioning James at the police station, Officer Stafko slapped him across the back of his head. (*Id.* ¶¶ 28-30, 33, 34). Similarly, the amended complaint alleges that Brian was tasered multiple times, even after "he was in handcuffs laying face first toward the ground," and that, while he was laying on the ground getting tasered, "some liquid was drizzling out of his mouth." (*Id.* ¶ 37-39). Plaintiffs allege that the Defendants did not have a reasonable basis to taser Plaintiffs and that "such use of force was unnecessary, unreasonable and excessive." (*Id.* ¶ 46). The amended complaint avers that Plaintiffs "were not resisting arrest," despite the later averment that they were both charged with resisting arrest, and Brian pleaded guilty to that charge and James entered the ARD program on that charge. (*Id.* ¶¶ 24, 42-43).

Construing these factual allegations in the light most favorable to the Plaintiffs, the allegations are at least minimally sufficient to state a plausible claim for assault and battery against the Defendant Officers. Therefore, the Court will deny Defendants' motions to dismiss the assault and battery claim.

### 4. Destruction of Evidence

Plaintiffs have asserted a common law claim of "concealing and destroying evidence and property." (Am. Compl., ECF No. 33, ¶¶ 61, 65, 70, 75, 79, 84, 89). In support of this claim, Plaintiffs allege that the Defendant Officers concealed or destroyed

"evidence by removing what [they] believed to be all of the tasers and probes used to taser both James McIntosh and Brian McIntosh." (*Id.*). However, Courts in Pennsylvania have refused to recognize the tort of destruction of evidence as a cognizable claim. *See, e.g., Urban v. Dollar Bank*, 34 Pa. D. & C. 4th 11, 31 (Com. Pl. 1996) (explaining that alternative remedies to a tort for spoliation of evidence provide adequate relief); *Pyeritz v. Com.*, 32 A. 3d 687, 695 (Pa. 2011) (refusing to recognize a cause of action for negligent spoliation of evidence); *Turturro v. United States*, No. 10-cv-2460, 2014 WL 4188076, at *21 (E.D. Pa. Aug. 22, 2014) ("Pennsylvania law does not provide a separate cause of action for the spoliation of evidence.").

Additionally, "the withholding or destruction of evidence violates a criminal defendant's constitutional rights only if, as a result of the withholding or destruction of evidence, the criminal defendant is denied a fair trial." *Morgan v. Gertz*, 166 F. 3d 1307, 1310 (10th Cir. 1999); *see also Anderson v. Venango Cnty., Pa.*, 458 F. App'x 161, 164 (3d Cir. 2012). Plaintiffs have not alleged that they were denied a fair trial. Further, such an allegation would constitute an improper attempt to invalidate Brian's guilty plea and James's entrance into the ARD program, a challenge which is barred under *Heck v. Humphrey*, as discussed in detail above. *See Feese v. Corbett*, No. 1:13-cv-1578, 2013 WL 5937346, at *2 (M.D. Pa. Nov. 4, 2013). Here, Plaintiffs have not alleged a cognizable cause of action. Accordingly, the Court will dismiss Plaintiffs' destruction of evidence claim with prejudice.

### 5.    Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under Pennsylvania law, a plaintiff must allege that the defendant's conduct was (1) extreme and outrageous, (2) intentional or reckless, and (3) caused severe emotional distress. *See Bryan v. Erie Cnty. Office of Children & Youth*, 861 F. Supp. 2d 553, 585-86 (W.D. Pa. 2012). "[I]n order for a plaintiff to prevail on such a claim, he or she must, at the least, demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." *Swisher v. Pitz*, 868 A. 2d 1228, 1230 (Pa. Super. 2005). In addition, "a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct." *Id*. Pennsylvania courts have defined "extreme and outrageous conduct" as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 720 A. 2d 745, 754 (Pa. 1998); *see also Kazatsky v. King David Mem'l Park*, 527 A. 2d 988, 994 (Pa. 1987).

Ordinarily, "[p]olice officers doing their job by arresting people when they have probable cause to do so certainly falls far short of extreme or outrageous conduct." *Manley v. Fitzgerald*, 997 A. 2d 1235, 1241 (Pa. Commw. Ct. 2010). However, "the alleged use of a taser during an arrest after the arrestee has been secured gives rise to a plausible claim for intentional infliction of emotional distress." *Stewart v. Kinch*, No. 12-cv-1509, 2012 WL 6645547, at *6 (E.D. Pa. Dec. 21, 2012).

Here, the amended complaint alleges that the Defendant Officers tasered both Plaintiffs multiple times after they were handcuffed and were not resisting arrest.

Therefore, the amended complaint plausibly states a claim for intentional infliction of emotional distress. *See Garey v. Borough of Quakertown*, No. 12-cv-799, 2012 WL 3562450, at *5 (E.D. Pa. Aug. 20, 2012) (explaining that the use of tasers by police officers after the plaintiff "had already complied with the arrest and posed no threat to the officers or the public leads to an inference of sufficiently outrageous conduct to sustain a claim for intentional inflection of emotional distress at [the motion to dismiss] stage of the litigation"). Accordingly, the Court will deny Defendants' motions to dismiss Plaintiffs' claim for the intentional infliction of emotional distress under Pennsylvania common law.

### E.     Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal under Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 236 (3d Cir. 2008); *Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000). This Court previously dismissed Plaintiffs' original complaint but granted Plaintiffs leave to amend their complaint. However, Plaintiffs' amended complaint fails to cure many of the deficiencies of the original complaint. Additionally, Plaintiffs have not filed any response to the motions to dismiss, thus failing to provide the Court with any argument or explanation to support the viability of the claims asserted in the amended complaint. Likewise, for the reasons explained above, several of the claims in the amended complaint fail to state a claim for relief as a matter of law. Consequently,

the Court finds that any further amendment would be futile, and those claims that the Court now dismisses are dismissed with prejudice.

**VI.**     **Conclusion**

For the reasons stated above, Defendants' motions to dismiss are **GRANTED** in part and **DENIED** in part.  An appropriate order follows.

| | |
|---|---|
| BRIAN MCINTOSH and | ) |
| JAMES MCINTOSH , | ) CIVIL ACTION NO. 3:13-103 |
| | ) |
| Plaintiffs, | ) JUDGE KIM R. GIBSON |
| | ) |
| v. | ) |
| | ) |
| BRAD CRIST, GARY PAUL | ) |
| EISENHUTH, WILLIAM SLISZ, | ) |
| DOUG KOMAR, SCOTT HAYMAKER, | ) |
| OFFICER STAFO/SAFKO, OFFICER | ) |
| BEBLAR, THE CITY OF JOHNSTOWN, | ) |
| THE MUNICIPALITY OF YODER/WEST | ) |
| HILLS, THE BOROUGH OF DALE and | ) |
| JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**AND NOW**, this 30th day of January 2015, for the reasons explained in the foregoing memorandum, **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (ECF Nos. 37, 39, and 41) are **GRANTED in part** and **DENIED in part**, as follows:

(1) Defendants' motions to dismiss Plaintiffs' claims against the Defendant Officers for excessive use of force under the Fourth Amendment pursuant to 42 U.S.C. § 1983, common law assault and battery, and common law intentional infliction of emotional distress are **DENIED**.

(2) Defendants' motions to dismiss all other claims against the Defendant Officers are **GRANTED**, and those claims are **DISMISSED with prejudice**.

(3) Defendants' motions to dismiss Plaintiffs' municipal liability claims against the City of Johnstown, the Municipality of Yoder/West Hills, and the Borough of Dale

are **GRANTED**, and the municipal liability claims are **DISMISSED with prejudice**.

Accordingly, the only remaining claims in this case are (1) excessive use of force under the Fourth Amendment, (2) assault and battery under Pennsylvania common law, and (3) intentional infliction of emotional distress under Pennsylvania common law. The only remaining Defendants are the Defendant Officers: Brad Crist, Gary Paul Eisenhuth, William Slisz, Doug Komar, Scott Haymaker, Officer Stafko, and Officer Beblar. All other claims and defendants are dismissed with prejudice.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**